IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CR-00351-F-15
No. 5:16-CV-00744-F

| | |
|---|---|
| SHANNON KIDWELL,<br>        Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>        Respondent. | ORDER |

This matter is before the court on the Government's Motion to Dismiss [DE-671] Shannon Kidwell's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-660]. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons addressed below, the Government's Motion to Dismiss is ALLOWED and Kidwell's Motion to Vacate is DENIED.

**I. Factual and Procedural Background**

On October 24, 2012, Kidwell was named in two counts of a twenty-four count indictment. *See* Indictment [DE-1]. In Count One, Kidwell was charged with conspiracy to manufacture, distribute, dispense, and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Count Twenty-Three charged Kidwell with possession of pseudoephedrine with the intent to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(1).

At her arraignment, held on March 11, 2013, Kidwell pled guilty to Count One pursuant to a written plea agreement [DE-263]. It was agreed that at sentencing, the Government would

move to dismiss Count Twenty-Three as to Kidwell only. *Id.* at 5.

Kidwell's sentencing was held on January 9, 2014, and she was sentenced to 126 months' imprisonment. *See* Judgment [DE-406]. Kidwell did not file a direct appeal.

On August 16, 2016, Kidwell filed the instant *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-660]. In her sole claim, Kidwell argues that she is entitled to relief under Amendment 794 to the U.S. Sentencing Guidelines. *Id.* at 4. On September 22, 2016, the Government filed a Motion to Dismiss [DE-671], arguing that dismissal is warranted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because Kidwell has failed to state a claim upon which relief can be granted.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

2

*Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

### III. Discussion

**Kidwell is not entitled to relief under Amendment 794 because it is not retroactively applicable on collateral review.**

Amendment 794 amended the Commentary to U.S.S.G. § 3B1.2, which addresses a mitigating role in the offense.[1] *United States v. Donis-Galan*, No. 15-11209, 2016 WL 1238205, at *2 n.2 (11th Cir. March 30, 2016). Amendment 794 introduced a list of non-exhaustive factors that a sentencing court should look at when determining whether or not to apply a mitigating role adjustment.[2] *United States v. Gomez-Valle*, No. 15-41115, 2016 WL 3615688, at *4 (5th Cir. July 5, 2016). Amendment 794 also provides that "a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline." *Id.*

Amendment 794 is not retroactively applicable on collateral review. U.S.S.G. § 1B1.10

---

[1] The effective date of Amendment 794 was November 1, 2015. *See* U.S.S.G. app. C, amend. 794, at 118 (Supp. Nov. 1, 2015).

[2] The factors are "(i) the degree to which the defendant understood the scope and structure of the criminal activity; (ii) the degree to which the defendant participated in planning or organizing the criminal activity; (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority; (iv) the nature and extent of the defendant's participation in the commission of the criminal activity"; and "(v) the degree to which the defendant stood to benefit from the criminal activity." *See* U.S.S.G. app. C, amend. 794, at 116 (Supp. Nov. 1, 2015).

3

lists those Guideline amendments that have been made retroactively applicable to defendants on collateral review, and Amendment 794 is not listed. *United States v. Perez-Carrillo*, No. 7:14CR00050, 7:16CV81172, 2016 WL 4524246, at *2 (W.D. Va. Aug. 26, 2016). Consequently, Kidwell is not entitled to relief under Amendment 794.

## IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-671] is ALLOWED and Kidwell's Motion to Vacate [DE-660] is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2) (A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (Where a court has rejected the constitutional claims on their merits, a petitioner must demonstrate that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong, but when a court denies relief on procedural grounds, a petitioner must demonstrate that jurists of reason would find it debatable whether the court's procedural ruling was correct.).

SO ORDERED.

This the 13 day of October, 2016.

_____
JAMES C. FOX
Senior United States District Judge