IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-351-15BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| SHANNON KIDWELL | ) | |

This matter is before the Court on defendant's motion to correct her presentence report (PSR) to accurately reflect her addition to crack cocaine. *See* [DE 368] ¶ 43. Defendant was sentenced by this Court, Fox, J. presiding, on January 9, 2014. Once a sentence has been imposed, Fed. R. Crim. P. 32 does not provide a court with an independent basis to revise a PSR. *See United States v. Boardley*, 61 F. App'x 904, 905 (4th Cir. 2003); *see also United States v. Newton*, No. 1:08CR332-1, 2013 WL 5205768, at *1 (M.D.N.C. Sept. 13, 2013) ("a well-established rule of law that Rule 32 does not provide a district court an independent jurisdictional basis to revise a PSR after a sentence has been imposed.").

Fed. R. Crim. P. 36 allows a court to correct clerical errors in the judgment or other part of the record. "Rule 36 motions, however, apply only to clerical errors and are not the proper vehicle for challenging the substance of the information in a presentence report; such challenges must be filed within 14 days of receiving the report." *United States v. Kubinski*, 707 F. App'x 195 (4th Cir. 2017).

Defendant argues that there must have been some miscommunication with the U.S. Probation Office because defendant told the probation officer that she had been addicted to crack cocaine since she was thirty-two years old, but the PSR reflects that defendant had last used crack

cocaine at age thirty-two and that she was not addicted to crack. PSR ¶ 43. The PSR further reflects that defendant believed she did not need substance abuse treatment. *Id.* ¶ 44. Because the corrections which defendant seeks to make are substantive and not clerical, *see United States v. Blackmon*, 698 F. App'x 113 (4th Cir. 2017) (describing clerical errors in this context as "blunders in execution"), she is not entitled to relief under Fed. R. Crim. P. 36.

Accordingly, for these reasons, defendant's motion [DE 717] is DENIED.

SO ORDERED, this 4 day of April, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE