IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-351-15-BO

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| SHANNON KIDWELL | ) | |

This cause comes before the Court on defendant's motion and second motion for recommendation regarding length of RRC placement and home confinement. [DE 740 & 743]. For the reasons that follow, defendant's motions are denied.

## BACKGROUND

Defendant, Kidwell, is currently serving a sentence of 126 months' imprisonment following her plea of guilty to conspiracy to manufacture, distribute, dispense, and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). [DE 406].[1] Kidwell's current projected release date is July 18, 2021. https://www.bop.gov/inmateloc/ (last visited August 8, 2018).

Kidwell filed the instant motions requesting that the Court make a recommendation to the Bureau of Prisons that she be permitted to serve six months in a residential reentry center and six months of home confinement prior to the expiration of her active sentence. Kidwell relies on the Second Chance Act, 18 U.S.C. § 3624(c)(1), as the basis of her motions.

---

[1] This matter was reassigned to the undersigned following the retirement of Senior United States District Judge James C. Fox. [DE 712].

## DISCUSSION

The Second Chance Act does not empower the court to reduce sentences or change the location of where a sentence is to be served. That authority remains vested in the Bureau of Prisons. The Second Chance Act expands the authority of the Bureau of Prisons to allow a prisoner serving a sentence of incarceration to spend up to twelve months in a half-way house so as to ease the transition from prison to freedom. Thus, the Second Chance Act grants expanded authority to the Bureau of Prisons regarding half-way house service, but does not vest the authority in this court.

*United States v. Squire*, No. CR 3:09-502-JFA, 2012 WL 3848364, at *1 (D.S.C. Sept. 5, 2012). Accordingly, the Court is without the authority to require the Bureau of Prisons to allow Kidwell to serve any period of time in a residential reentry center or home confinement, and the Court declines to make a recommendation to the Bureau of Prisons regarding Kidwell's placement. *See also United States v. Shroyer*, No. 2:17CR00003, 2017 WL 4684192, at *1 (W.D. Va. Oct. 18, 2017).

## CONCLUSION

For the foregoing reasons, defendant's motions for recommendation [DE 740, 743] are DENIED.

SO ORDERED, this 13 day of August, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2